43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie WILLIAMS, Defendant-Appellant.
 No. 93-5261.
 United States Court of Appeals, Fourth Circuit.
 Dec. 13, 1994.
Submitted July 12, 1994.
Decided Dec. 13, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. CR-90-20-2, CR-92-308-2)
 Nelson R. Bickley, Jr., Bickley, Jacobs & Barkus, Charleston, WV, for appellant. Charles T. Miller, U.S. Atty., Kelly D. Ambrose, Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Appellant Willie Williams III appeals from his conviction and sentencing for possession with intent to distribute, distribution, and conspiracy to distribute cocaine base under 21 U.S.C. Secs. 841(a)(1) and 846 and 18 U.S.C. Sec. 2. Specifically, he alleges that the district court erred in refusing to grant a continuance, proceeding with the trial in his absence, when Williams failed to appear on the second and subsequent days of a scheduled trial, in which he and co-defendant Mitchell were jointly tried. Williams also alleges ineffective assistance of counsel, numerous errors at trial, prosecutorial misconduct, and error by the district court in enhancing Williams' sentence under U.S.S.G. Sec. 3B1.1.[1] We affirm.
 
 
 2
 The trial of Williams and Mitchell was scheduled to begin on May 29, 1990 and did commence on that date. Williams had been arraigned on March 1, 1990, and on May 3, 1990 trial had been set for May 29. Although Williams was late on May 29, he did appear in person on that day (claiming car trouble) so the case was ready to proceed at 1:36 p.m., at which time the case was called for trial and all of the attorneys entered their appearances. Williams and his codefendant Mitchell were also present in person at that time.
 
 
 3
 Williams made a motion for a continuance on the ground that he and his attorney had not had time to prepare for trial, which was denied except to the extent that the district court decided that the jury would be examined upon its voir dire and stricken that day, but no other proceedings would be taken on May 29 except the hearing of a motion to suppress. Opening statements and further proceedings were deferred until May 30. The voir dire examination of the jurors, hearing of challenges, and striking of the jury lasted the rest of the day of the 29th, and court adjourned for the day at 4:09 p.m.
 
 
 4
 On the morning of May 30 the jury, the attorneys, and Mitchell were present, but Williams did not appear and his attorney could not explain his absence, nor was his absence otherwise explained. The court, after inquiry, correctly held that Williams had voluntarily absented himself from the proceeding, revoked his bail bond and directed that a bench warrant issue for Williams. It effectively gave defendant Williams an additional day to appear, for it busied itself with other matters for the rest of May 30 instead of going on with the jury trial as it could have, and, after swearing the jury, commenced the actual trial the morning of May 31 in Williams' absence, for he had not yet appeared. The jury returned its verdict of guilty on June 4, 1990.
 
 
 5
 On those facts, Williams claims that the court erred by proceeding with the trial in his absence under Fed.R.Crim.P. 43. The pertinent parts of Fed.R.Crim.P. 43 are:
 
 Rule 43. Presence of the Defendant
 
 6
 (a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
 
 
 7
 (b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
 
 
 8
 (1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)....
 
 
 9
 Williams claims that since he was not "present at ... every stage of the trial" his conviction must be set aside. We are of opinion, however, that since he voluntarily absented himself from the proceeding after the trial had commenced, the district court did not err.
 
 
 10
 It is apparent that the critical question before us, and really the only question raised in the briefs of the attorneys, is at what point had the trial "commenced" under Rule 43(b)(1). Both Williams and the government depend on Crosby v. United States, 61 U.S.L.W. 4078 (U.S. Jan. 13, 1993), to sustain their respective positions. Crosby was a case in which a defendant absconded after he had been arraigned and attended pre-trial conferences and hearings with his attorney, but before the case was called for trial and before the empaneling of the jury had commenced. 61 U.S.L.W. at 4078. When the defendant was absent on October 12, the day the case had been set for trial, the court delayed the commencement of the trial until October 17. Crosby being yet absent, the court commenced the trial on October 17, which resulted in a jury verdict of guilty. The court held that the conviction had to be vacated because the defendant was "not present at the beginning of trial." 61 U.S.L.W. at 4080. The case was decided under Rule 43 and not under the Constitution. So the necessary holding of Crosby is that the case had not begun, at a time before the process of empaneling the jury had commenced.
 
 
 11
 We think the question in our case is answered definitively by two cases, Lewis v. United States, 146 U.S. 370 (1892), and United States v. Hanno, 21 F.3d 42 (4th Cir.1994). In Lewis, the court had proceeded with jury challenges in the absence of the defendant, who had not voluntarily absented himself from his own trial. The Court held that the conviction of Lewis had to be reversed and a new trial awarded because of Lewis's absence during the challenges to certain of the jurors. In arriving at that conclusion, the Court stated:
 
 
 12
 For every purpose, therefore, involved in the requirement that the defendant shall be personally present at the trial, where the indictment is for a felony, the trial commences at least from the time when the work of empaneling the jury begins. 146 U.S. at 374. In Hanno, we vacated a conviction and remanded for a new trial because a jury had been dismembered after selection, although it had not been sworn. We followed our holding in United States v. Camacho, 955 F.2d 950 (4th Cir.1992), that a defendant had a right "to be present during the impaneling of a jury...." 21 F.3d at 46. We equated dismantling with empaneling. That being true, the work of "impaneling of the jury" (Rule 43(a)), which took place here, was necessarily "after the trial has commenced." (Rule 43(b)(1)). It is not necessary for us to decide in this case the precise point at which a trial has "commenced" under Rule 43(b)(1). What we do decide is that this trial had commenced at the conclusion of the empaneling of the jury, although it had not been sworn, in accordance with the statement from Lewis we have quoted above and the implicit holding of Hanno.[2]
 
 
 13
 The judgment of the district court is accordingly
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The assertions of ineffective assistance, prosecutorial misconduct, sentencing error, and trial errors by the district court, other than failure to grant a continuance, were brought by Williams pro se in a Supplemental Appeals Brief. We express no opinion on the claim of ineffective counsel except to say that it was not shown in the record and is more appropriately considered under 28 U.S.C. Sec. 2255. The other claims of error mentioned in the pro se brief are without merit
 
 
 [2]
 Jeopardy attaches when a jury is empaneled and sworn. Serfass v. United States, 420 U.S. 377, 388 (1975). No question of jeopardy attachment is before us today